CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED

JAN 28 2010

JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| ROBERT HARRIS IV, | )<br>) |
| Plaintiff, | ) Case No. 7:10CV00035<br>) |
| v. | )<br>) **MEMORANDUM OPINION** |
| W.J. TOWNLEY, ET AL., | )<br>) By: **Glen E. Conrad**<br>) United States District Judge |
| Defendants. | ) |

Plaintiff Robert Harris, a Virginia inmate proceeding pro se, has filed this civil rights action, pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343.[1] In his complaint, Harris claims that officials at the Halifax Correctional Unit 23 (Unit 23) violated his constitutional right to adequate medical treatment as a prisoner by depriving him of properly prescribed eyeglasses and an eye exam by an optometrist.[2] Upon review of the record, the court concludes that his complaint must be dismissed, pursuant to 28 U.S.C. §1915A, for failure to state a claim upon which relief could be granted.[3]

## Background

Harris alleges the following sequence of events on which his claims are based. When he arrived at Unit 23, he had a pair of prescription eye glasses, but the earpieces were broken. Harris took them to Nurse Vass to have them repaired. She sent them to VCE Optical to be repaired. VCE Optical returned the glasses with a note ("Pt's own readers") and a surcharge of

---

[1] Plaintiff originally filed his action in the United States District Court for the Eastern District of Virginia. It was transferred here because the defendants are located in this district.

[2] He sues Superintendent W.J. Townley and Nurse Sandra Vass of Unit #23 and Gene Johnson, Director of the Virginia Department of Corrections (VDOC).

[3] Under this provision, the court may dismiss an action filed by a prisoner against government officials as soon as practicable as frivolous, malicious or for failure to state a claim upon which relief may be granted.

$25.00 for any repairs. Harris did not have the money in his account at that time to prepay for repairs. He asked Nurse Vass to schedule him to see an optometrist, so that he could receive a pair of state-issued, prescription eye glasses, which are only $7.00, much less expensive than the repairs to his own glasses. Vass said that because he could see the larger letters on the eye chart, under VDOC policy, he did not qualify for a visit to the optometrist and so could not get the state issued prescription glasses.

He states that not having prescription eye glasses hampers his ability to write letters, read, study, and do his school work. He also indicates that he gets headaches and sore eyes sometimes. He seeks monetary damages.

## Discussion

To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted." In reviewing the case for possible summary dismissal, the court must accept allegations in the complaint as true and draw all reasonable factual inferences in the plaintiff's favor. See De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003). After review of Harris' allegations as amended, the court concludes that he fails to allege facts stating any plausible claim actionable under § 1983.

A prison official's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 102 (1976). A constitutional violation in this context involves both an objective and a subjective component. The objective component is met if the deprivation is "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994). A medical need is sufficiently serious "if it is one that has been diagnosed by a

physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008). The subjective component is met if a prison official is "deliberately indifferent," that is if he "knows of and disregards an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837. See Johnson v. Quinones, 145 F.2d 164, 168-69 (4th Cir. 1998) (because evidence did not show that doctors knew about inmate's pituitary gland tumor, failure to diagnose and treat it did not state Eighth Amendment claim even though inmate ultimately went blind). A claim concerning a disagreement between an inmate and medical personnel regarding diagnosis and course of treatment does not implicate the Eighth Amendment. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Prison officials may rely on the opinion of the medical staff as to the proper course of treatment for an inmate's medical needs. Miltier v. Beorn, 896 F.2d 848, 855 (4th Cir. 1990).

Under some circumstances, failure to provide basic corrective medical devices such as eyeglasses or dentures may amount to deliberate indifference to a serious medical need. Large v. Washington Co. Detention Ctr., 915 F.2d 1564 (Table) (4th Cir.1990). However, "the essential test is one of medical necessity and not simply that which may be considered merely desirable." Bowring v. Godwin, 551 F.2d 44, 47-48 (4th Cir. 1977) (emphasis added). Moreover, while the Eighth Amendment protects against denial of access to necessary medical treatment, it does not prohibit state officials from requiring inmates to bear part of the cost of treatment when they are able. The allocation of the cost of the medical care is a matter of state law. See City of Revere v. Massachusetts General Hospital, 463 U.S. 239, 245 (1983).

Harris asserts that he has a constitutional right to examination by an optometrist and to receive the less expensive prescription eye glasses he wants. This statement is inconsistent with the extent of protection offered under the Eighth Amendment, and Harris' allegations do not rise to constitutional proportions.

First, Harris has not alleged facts demonstrating a serious medical need for examination by an optometrist. The fact that he had prescription glasses when he arrived at Unit 23 does not prove that he has vision problems that necessitate optometric care, nor does he alleges facts indicating that being without his prescription glasses for a time places him at any significant risk of physical harm.[4] He does not allege having sought medical treatment of any kind for the headaches and sore eyes that allegedly resulted from going without his glasses. His desire for an eye exam by a professional or for cheaper glasses is not sufficient to demonstrate that either of these wants is a medical necessity.

Second, Harris does not demonstrate that Nurse Vass acted with deliberate indifference to his medical needs. She sent off his glasses for repairs, which he can apparently still receive if he agrees to pay for them. She also checked his eyesight by asking him to read the eye chart, and based on the results of that test, she made a medical determination that he did not need either an optometric exam or prescription glasses. Harris' disagreement with her medical judgments and his belief that she negligently diagnosed the extent of his vision problems state, at most, claims of medical negligence, which are not actionable under § 1983.[5]

Finally, because Harris fails to allege facts demonstrating either a serious medical need or deliberate indifference on the part of Nurse Vass, he has no claim against the other prison officials he has named. These officers rightfully could rely on the nurse to determine whether or not Harris needed to see the optometrist and receive state-issued prescription glasses.

---

[4] It is not clear from Harris' allegations whether he is unable to pay for the repairs for his glasses or simply does not want to pay in hopes that he can get the less expensive glasses instead. In either case, because he fails to show that going without glasses poses any significant risk of harm, his constitutional claim fails.

[5] To the extent that Harris' allegations may give rise to claims under state law regarding medical negligence, the court declines to exercise supplemental jurisdiction over such claims, pursuant to 28 U.S.C. § 1367(c).

## Conclusion

For the stated reasons, taking the allegations in the light most favorable to plaintiff, the court cannot find that he has stated any actionable claim under § 1983 against the defendants. Accordingly, the court will summarily dismiss the complaint, pursuant to § 1915A(b)(1), and will dismiss any possible state law claims without prejudice, pursuant to § 1367(c). An appropriate order will issue this day.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this memorandum opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 28th day of January, 2010.

_____
United States District Judge